STATE, KIRKPATRICK ET AL., PROSECUTORS, v. COMMISSIONERS OF STREETS AND SEWERS IN THE CITY OF NEW BRUNSWICK, ET AL.

1. A writ of *certiorari* should be directed to the person or body having legal custody of the record to be certified.

2. If a writ of *certiorari* be directed to the proper party, and also to an improper party, it may be quashed as to the latter and retained as to the former.

3. Laches, in suing out a writ to review an assessment, or a statutory limitation as to time, will bar all complaint except as to the constitutionality of the law under which the assessment was levied.

4. A law directing an assessment for street improvements to be imposed upon the lots of land in front of which the work is done, is valid as to the flagging and curbing of sidewalks, and invalid as to gutters, which are a part of the roadway.

On motion to dismiss writ of. *certiorari.*

Argued at June Term, 1880, before Justices DIXON and REED.

For the prosecutors, *C. T. Cowenhoven.*

For the defendants, *A. V. Schenck.*

The opinion of the court was delivered by

DIXON, J. This *certiorari* brings up an assessment made by "The Commissioners of Streets and Sewers in the City of New Brunswick." The writ was directed to not only these commissioners, but also to "The Mayor and Common Council of the City of New Brunswick." The commissioners have made return, but the city asks to have the writ quashed as to the municipality, on the ground that it has not custody of the record to be certified, and hence should not have been commanded to make return.

This position is well taken. The act providing for the commission (*Pamph. L.* 1871, *p.* 795,) empowers the commissioners to make the assessment, enter it in their books, and collect the amount or enforce the lien. The assessment remains with them for all purposes. They are also created a *quasi* corporation, with power to prosecute or defend any action or process in law or in equity. They, therefore, as the legal custodians of the record, should alone have been commanded to certify it for review. *Morris Canal Co.* ads. *State,* 2 *Green* 411; *State* v. *Howell,* 4 *Zab.* 519; *State* v. *Browning,* 4 *Dutcher* 556.

When it is sought not only to. reverse the proceedings of inferior tribunals, but also to assail rights acquired upon the strength of them, it is proper to bring in the persons claiming these rights, and this may conveniently (though perhaps inartistically) be done, by directing the writ ·to them and serving it upon them. *Fleischauer* v. *West Hoboken,* 10 *Vroom*

421; *Siedler* v. *Chosen Freeholders*, 10 *Vroom* 632; *State, Kiernan*, pros., v. *Jersey City*, 11 *Vroom* 483.

But in this case, all the rights of the municipality, by force of these assessments, are legally confided to the guardianship of these commissioners.

As to the city, therefore, the writ should be quashed, with costs.

But I see no reason why this misdirection should impair the writ as to the commissioners. So far as they are con-cerned, it is mere surplusage.

It is further sought to have the writ dismissed for laches in suing it out.

The writ was issued March 8th, 1880; the assessment which it brings up was made and entered in December, 1873. Such delay has been held to bar all complaint except as to the constitutionality of the law under which the assessment was imposed. *State, Weart, pros.,* v. *Jersey City,* 12 *Vroom* 510.

The act creating the commission (Section 28) also directs that no writ of *certiorari* be allowed to set aside any assessment under it, after six months from the time of entering the assessment. This provision prevents any review by *certiorari*, save for unconstitutionality in the law. *State, Van Cleef,* pros., v. *Commissioners, &c.,* 9 *Vroom* 320; *Traphagen* v. *West Hoboken,* 10 *Vroom* 232.

But the prosecutors set up the law as unconstitutional.

The assessment brought up is for flagging the sidewalk in front of the property of Kirkpatrick and Ballard, two of the prosecutors, and for flagging, curbing, and guttering in front of the property of Mrs. Robins, the third prosecutor. The seventh section of the act requires all assessments to be levied upon the lots of land in front of which the work is done. This provision has been held to be constitutional as to sidewalks. *State, Sigler, pros.,* v. *Fuller,* 5 *Vroom* 227; *State, Agens, pros.,* v. *Newark,* 8 *Vroom* 415, 423.

Hence, the prosecutors first named have no ground of complaint, and as to them, the writs must be dismissed, with costs.

But Mrs. Robins' land is assessed for making gutters also. These we understand to be a part of the roadway, and constructed for its use. If so, her property can be assessed therefor only under a law which authorizes an assessment according to benefits, and the present act is, *pro tanto,* unconstitutional. *Agens* v. *Newark, supra.* As to her, therefore, the writ should stand.