STATE, ALMENA M. CULVER, FRANCIS CLARK AND PATRICK FAY, PROSECUTORS, v. MAYOR AND ALDERMEN OF JERSEY CITY.

1. Water rates charged against the prosecutors in Jersey City set aside, (1) because not assessed according to benefits against vacant lots and lots with buildings thereon where water is not taken; (2) nor according to the value of the lands assessed.

2. Where the objection to assessments is based on the unconstitutionality of the law under which they are made, the laches of the prosecutors is no bar to the writ of *certiorari* brought to set them aside, nor cause for its dismissal.

3. Where the return and proofs do not show that there has been a demand and refusal by the board of public works to remit such assessments before the writ was issued, no costs will be allowed.

Culver v. Jersey City.

On *certiorari* to review water rates against the prosecutors for vacant lots and lots with buildings thereon, in which Passaic water is not taken, situate on streets through which water-pipes are laid, from the year 1872 to 1879, inclusive.

Argued at February Term, 1883, before Justices DEPUE, SCUDDER and REED.

• For the prosecutors, *C. H. Hartshorne.*

For the defendants, *A. L. McDermott.*

The opinion of the court was delivered by

SCUDDER, J. The assessments of water rates or rents on vacant lots and lots on which buildings stand, wherein no water is used, under section 81 of the charter of Jersey City, (*Pamph. L.* 1871, *p.* 1131,) are void, because the amount of tax imposed was determined by rates adopted by the board of public works of Jersey City, without regard to special benefits received by the land-owners. -

Since 1875, they are also illegal, if laid as general taxes, under the clause in the constitution that property shall be assessed for taxes, under general laws and by uniform rules, according to its true value. *Jersey City* v. *Vreeland,* 14 *Vroom* 135, 638.

The act is also defective in conferring the power to fix the sum to be assessed annually upon vacant lots and lots with buildings thereon in which water is not taken, on the board of public works. Where a tax is imposed for public improvements, the legislative act of taxation must itself distribute the burden, or prescribe the standard by which such distribution shall be made. *State* v. *Hudson County Avenue Commissioners,* 8 *Vroom* 12; *Bogert* v. *City of Elizabeth,* 12 *C. E. Green* 568.

As the objection to these assessments is based on the unconstitutionality of the law under which they are made, the laches of the prosecutors is no bar to the writ of *certiorari* brought to

set them aside, or cause for its dismissal. *Kirkpatrick* v. *Commissioners*, 13 *Vroom* 510.

The return and proofs do not show that there has been a demand and refusal by the board of public works to remit these assessments before the writ was issued; for this reason there will be no costs allowed.

The assessments against the prosecutors are set aside, without costs.