STATE, RUTH A. SCHULTING ET AL., PROSECUTORS, v. THE CITY OF PASSAIC.

1. An assessment for opening a street upon lands specially benefited, after such lands had been expressly relieved from assessment by an act of legislation, presents no feature which should relieve the person so assessed from the usual consequences of laches in prosecuting a *certiorari*.
2. Such an assessment violates no provision of the constitution, or justifies a disregard of a special provision of the charter limiting the time for suing out the writ.

On *certiorari*. In matter of assessment.

Argued at February Term, 1885, before Justices KNAPP and PARKER.

For the prosecutors, *H. K. Coddington*.

For the defendants, *J. E. Stoutenburgh*.

The opinion of the court was delivered by

KNAPP, J. The prosecutors were assessed upon their lands for benefits to pay the cost of extending Passaic street in Passaic city. The assessment was confirmed October 18th, 1880. And in 1884 this writ was allowed. The defendants ask that the writ be dismissed for delay in suing it out.

The eighty-third section of the city charter (*Pamph. L.* 1873, *p.* 515,) limits the allowance of the writ of *certiorari* to a time not exceeding three months from the confirmation of the assessment.

Such a limitation is not unreasonable, and put upon the prosecutors, if they felt aggrieved, the duty of applying for relief within the prescribed time, and their proceeding is barred unless some constitutional question is raised concerning the legal authority to assess.    *Traphagen* v. *West Hoboken,* 10 *Vroom* 232.

Had there been no such prescribed limit, still the writ should be dismissed, because of the length of time intervening between the confirmation of the assessments and the allowance of the writ    *Bergen Savings Bank* v. *Union,* 15 *Vroom* 603.

The prosecutors ask that the writ be retained, because the assessments, as they assert, violate their constitutional rights. This view is predicated upon a claim that their lands were exempt from these particular assessments under the provisions of an act of the legislature passed April 9th, 1875, amending the sixty-sixth section of the city charter, declaring that in the extension of any street no assessment should be levied against lands which had paid for the opening of the street so extended, and that the prosecutors had suffered an assessment on the opening of Passaic street.

But we do not see how any constitutional question is raised by this circumstance.    It is conceded that the lands of prosecutors, but for the exemption mentioned, would have been subject to taxation for benefits resulting to them in extending the street, and the tax imposed was but a just return for the benefits conferred.    They cannot say that any constitutional right has, in this proceeding, been violated, because the assessing board neglected or refused to accord to them the special favor which the legislature intended to confer on them.    The immunity from a share in the burden of payment, which seems to have been granted to them, rested on a fact which they should have made known at the proper time in their relief, if they designed to avail themselves of the privilege.

Penna. R. R. Co. v. Bennett.

The constitution has not, in their case, been violated in any of its provisions. A law has been overlooked or disregarded by the respondent which, as may be conceded, granted them a privilege such as they might assert or waive at their option. Their laches puts them in the position of having waived such privilege. They are too late now to be heard.

Assuming the case of *Spear* v. *Essex Road Board, ante p.* 101, to have been correctly decided, it is no authority for the position of the prosecutor. The ground of decision there was, that the public act for which tax was imposed did not and could not confer a taxable benefit. The dissimilarity in the two cases in this feature excludes the application to this case of the rule there adopted. The writ should be dismissed, with costs.