GEORGE D. BORTON, PROSECUTOR, v. THE CITY OF CAMDEM ET AL.

Argued June 12, 1900—Decided November 12, 1900.

1. The provisions of sections 76 and 77 of the charter of the city of Camden (*Pamph. L.* 1871, *p.* 210), and of section 13 of the supplement of 1872 (*Pamph. L., p.* 593), imposing the entire cost of street paving upon abutting property, are unconstitutional.

2. The act of April 21st, 1876 (*Gen. Stat., p.* 681), prescribing a constitutional method of assessment, and the act of April 12th, 1886 (*Gen. Stat., p.* 574, ¶ 563), authorizing commissioners of assessment, taken together, made available in Camden a practicable method of making street improvements and assessing their benefits. The act of May 23d, 1894 (*Gen. Stat., p.* 595), is now available there. *Quære.* Is it exclusive?

3. Where a prosecutor has delayed application for *certiorari* to review a municipal ordinance and contract until after the contract has been performed, he will not be heard to make any objection that will bar or hinder the imposing upon his property of a constitutional assessment, to be made under legal authority, for benefits received.

---

On *certiorari.*

On June 29th, 1899, the following petition was presented to the city council of Camden:

"We, the undersigned property owners in the first ward of the city of Camden, hereby petition your body to order York street, from Point street to Third street, paved with sheet asphalt.

"And your petitioners will ever pray," &c.

Thirty-six signatures.

The frontage on York street, between the points named, is

one thousand eight hundred and seventeen and nine hundredths feet, and the frontage owned by signers of the petition is one hundred and twenty-nine and ninety-five hundredths feet.

. On July 27th, 1899, the city council passed and the mayor approved the following ordinance:

"An ordinance requiring the paving of York street, between Point street and Third street in the city of Camden, with sheet asphalt.

"Whereas, a petition has been presented to the city council of the city of Camden, signed by sundry persons asking that York street, between Point street and Third street, in the city of Camden, be paved with sheet asphalt, and satisfactory proof has been made to the said city council that said petition is signed by a majority in value of the landholders along said York street, between Point street and Third street, and that said petition has been presented at a regular meeting of the city council of said city, and then published in full in two newspapers printed and circulated in the city of Camden, at least three weeks, once in each week; therefore,

"Section 1. Be it ordained by the city council of the city of Camden that all owners of real estate fronting on any part of York street, between Point street and Third street, in the city of Camden, be and they are hereby ordered and directed, within thirty days from and after the passage of this ordinance, to pave said York street, between Point street and Third street, between the curbs in front of his or her or their property, with a pavement commonly called the sheet asphaltum pavement, the said paving to be done under the direction of the city engineer and the commissioner of streets, and to the satisfaction of the city council of said city.

"Section 2. And be it ordained that if such owner or owners as aforesaid, shall refuse or neglect to comply with the first section of this ordinance and shall not pave between the curbs in front of his or her or their property within the time specified, proposals for the performance of said work will be requested, and the same will be done under contract under

the directions of the city engineer and the commissioner of streets of said city."

No property owner having complied with the first section of the ordinance, the city, on August 31st, 1899, after competitive bidding, awarded to the Vulcanite Paving Company, and, later, formally executed with them, a written contract for such paving of York street; the city to pay absolutely for intersections and gutters and conditionally for the roadway in front of private property if the owners should not pay therefor within six months.

The invitation for bids required and the contract contains a guaranty to keep the pavement in repair for ten years.

The present *certiorari* removes to this court for review the ordinance aforesaid and all subsequent proceedings. The prosecutor owns, and resides on, property on the line of the improvement. He knew of the petition, was present at the meeting of the council when the ordinance was passed, and knew of the progress of the work, which was fully completed and partially paid for at the time he purchased his writ.

Before Justices Dixon and Collins.

For the prosecutor, *Samuel H. Richards* and *Lindley M. Garrison.*

For the city of Camden, *Edward G. C. Bleakly.*

For the Vulcanite Paving Company, *Samuel H. Grey.*

The opinion of the court was delivered by

Collins, J. The revised charter of Camden (*Pamph. L.* 1871, *p.* 210), in section 30, authorizes ordinances, among other purposes, for specified improvements, including paving of streets, and, in sections 76 and 77, enacts that the city council shall have power, by ordinance, to compel the abutting owners on any street to make specified improvements thereon, including paving, on petition for the improvement of a

majority in value of the landholders along the same, or, in the absence of such a petition, then on the desire of thirty freeholders residing in the ward; and that, in case any owner shall refuse or neglect to comply with the ordinance for thirty days, the city may cause the improvement to be made and paid for out of any money in the city treasury and cause a statement of the cost to be filed with the city clerk, and that such cost shall be a lien on the land of such owner, recoverable by action at law in the name of the city treasurer. By section 13 of a supplement of 1872 (*Pamph. L., p.* 593) the work may be done by contract, the statement is to be filed with the receiver of taxes and the action is given to the contractor in the name of the city. Under the decision of the Court of Errors and Appeals, in *State, Agens,* v. *Newark,* 8 *Vroom* 415, such imposition of the whole cost of street paving upon abutting property is unconstitutional. Although this decision was rendered in 1874, no adequate relief was afforded to Camden by the legislature for many years, and it is difficult to understand how street improvements were made in that city, unless at public expense or by a general acquiescence in an illegal method of making abutting property bear the burden. By "An act respecting assessments in cities," approved April 21st, 1876 (*Gen. Stat., p.* 681), a constitutional method of assessment for benefits was prescribed for all cities, with direction that the excess should be borne by the city at large, but that statute must have remained inoperative in Camden until 1886, for it presupposed, by its terms, that in every city there existed some person or persons "authorized by law" to make assessments for street and sewer improvements, and there was in Camden no such legal authority. By an act approved April 12th, 1886 (*Gen. Stat., p.* 574, ¶ 563), this defect was supplied and a board of commissioners of assessments was authorized in any city in the situation of Camden, and, thereafter, there has been available in that city a practicable method of making street improvements and assessing their benefits. The ordinance under review, however, was evidently framed under the charter provisions, and its requirement of the property owners to pave York street

in front of their property, as against them, is void. Default on such a requirement was doubtless considered a prerequisite to authority for the city's contract, and I see no reason why the ordinance, as a support for the executed contract returned, should not stand. The preamble has a misrecital of the jurisdictional petition, but there was, in fact, an effective petition, and if the prosecutor is protected from an unconstitutional imposition, he is in no way aggrieved by irregularity. To an assessment not greater than his benefit, and in proportion thereto, he ought to be subjected, and could be, by appropriate legislation, even if the ordinance and contract be irregular or illegal. *Elizabeth* v. *Meeker,* 16 *Vroom* 157; *Lord* v. *Bayonne, ante p.* 127, distinguishing *App* v. *Stockton,* 32 *Vroom* 520.

The prosecutor claims that an act passed May 23d, 1894 (*Gen. Stat., p.* 595), affords the only method of paving streets and assessing resultant benefits now open to Camden. It is not clear that this act is exclusive. It is limited to cases where there is a petition of the owners of at least three-fifths of the lineal frontage, and authorizes in such cases a bond issue in anticipation of collection of assessments. It seems to be an enabling, not a restricting, statute; but if it is exclusive, the prosecutor should not be heard to complain. In either case, he is barred by his laches from any objection that would entirely avoid the ordinance or contract, even if it must be held that the proper preliminary proceeding required by statute was not taken. *McKevitt* v. *Hoboken,* 16 *Vroom* 482; *Read* v. *Atlantic City,* 20 *Id.* 558, 562; *Penwarden* v. *Dunellen,* 21 *Id.* 565, and cases there cited. He can only be subjected to a constitutional assessment, and when that is imposed he will have opportunity to be heard. He should not now be heard to make any objection that will bar or hinder the imposing upon his property of a constitutional assessment, if the legislature has authorized or shall authorize one to be imposed upon it, limited to the benefit it may have received from the improvement. This consideration disposes also of the prosecutor's contention that the contract returned is illegal because it provides for a guaranty.

to keep the pavement in repair for ten years, thereby increasing the normal cost of a pavement laid without such guaranty. *Wilson* v. *Trenton*, 32 *Id.* 599.

To the extent, therefore, only that the landowners are required to pave the street in front of their property, with a consequent lien on their lands, because of their default to do so, for the cost of the pavement there laid, should the ordinance be set aside; and to that extent it is set aside, with costs to the prosecutor.