JOHN T. ROSELL ET AL., PROSECUTORS, v. THE MAYOR AND COUNCIL OF NEPTUNE CITY, &c., ET AL.

Submitted July 3, 1902—Decided November 10, 1902.

1. The landowner who has stood by without objecting until a street improvement in front of his land has been completed at the public expense, will not be heard upon *certiorari*, afterwards brought to review an assessment for benefits; to question the validity of the ordinance and contract under which the improvement was made.

2. In order to sustain an assessment for benefits arising out of a street improvement, it must affirmatively appear that the assessment is not in excess of the benefits conferred upon the land.

3. A statutory provision forbidding the allowance of a *certiorari* to set aside an ordinance for a public improvement after the contract therefor has been awarded—*Held*, under the circumstances of the present case, to be a reasonable limitation of the right to the writ that would be sustained.

On *certiorari* to review an assessment.

Before Justices DIXON, HENDRICKSON and PITNEY.

For the prosecutors, *Acton C. Hartshorne* and *William A. Barkalow*.

For the defendants, *David Harvey, Jr.*

The opinion of the court was delivered by

HENDRICKSON, J. This is a proceeding to review an ordinance for the improvement of certain avenues of the borough of Neptune City, in the county of Monmouth, and certain assessments for benefits made upon lands of the prosecutors towards defraying the expenses of the improvement.

Three writs have been allowed, embracing different prose-

cutors, but the questions involved being the same, the suits have been consolidated.

The streets embraced within the ordinances authorizing the improvement are Lincoln avenue, a part of Garfield avenue, and First, Second, Third, Fourth and Fifth avenues.

The proceedings purport to have been taken pursuant to an act entitled "A general act relating to boroughs" [Revision of 1897], approved April 24th, 1897 (*Pamph. L., p.* 285), and the supplements thereto.

The reasons filed, among other things, question the regularity of the proceedings preliminary to and at the passage of the ordinance; also the legality of the contract under which the grading and graveling of Lincoln avenue was performed.

But the case shows that the ordinance was passed and that the improvement was made and completed and the contract price fully paid for by the borough without objection by the prosecutors or by anyone.

It was not until some time afterwards, and not until after the assessments in question were made, that the writs of *certiorari* were applied for.

The questions alluded to cannot therefore be raised in this proceeding. The ninety-second section of the above act forbids the allowance of a *certiorari* to set aside any ordinance for such improvement after the contract therefor shall have been awarded. Such a limitation upon the prosecutors' right to the writ of *certiorari*, under the facts of this case, is a reasonable one, and must be sustained. *Cunningham* v. *Merchantville*, 32 *Vroom* 466; *Traphagen* v. *West Hoboken*, 10 *Id.* 232; *affirmed*, 11 *Id.* 193. This section precludes any attack upon the validity of the ordinance.

The contract itself and the mode of its performance are also unassailable by reason of laches.

The landowner who has stood by without objecting until a street improvement, made by the authority of a municipal ordinance, has been completed at the public expense, will not be heard upon *certiorari*, afterwards brought to review an assessment for benefits, to question the validity of the ordinance

and contract under which the improvement was made. *Cunningham* v. *Merchantville, supra; State* v. *Trenton,* 7 *Vroom* 499; *State* v. *Hoboken, Id.* 291; *State, &c.,* v. *Clark,* 9 *Id.* 102; *Bowne* v. *Logan,* 14 *Id.* 421; *Hildreth* v. *Rutherford,* 23 *Id.* 501.

The above act also limits the time of issuing the writ to set aside an assessment to thirty days after the date of confirmation. The *certiorari* was issued within the time thus limited, and hence the reasons questioning the legality of the assessment may be examined.

One of the alleged infirmities is that the report of the commissioners fails to certify that the assessments against the prosecutors are not in excess of the benefits conferred under the authority of section 33 of the act and of section 58 as amended by a supplement thereto, approved March 21st, 1899. *Pamph. L., p.* 171.

An assessment may be made for the benefits received, and the commissioners are required to make a just and equitable assessment of the damages sustained by, or benefits conferred upon, the lands by reason of the improvement, having due regard to the rights and interests of all persons concerned, as well as to the value of the land and real estate taken, damaged or benefited.

The right to exercise this branch of the taxing power only exists where conferred by legislative grant, and the mode of its exercise when prescribed must be pursued. 2 *Dill. Mun. Corp.* 769.

And it is settled law that in order to sustain an assessment for benefits arising from a street improvement it must affirmatively appear that the assessment is not in excess of the benefits conferred upon the land. *Passaic* v. *State, Delaware, Lackawanna and Western Railroad Co.,* 8 *Vroom* 538; *State, Simmons,* v. *Passaic,* 9 *Id.* 60; *Rubber Co.* v. *Commissioners, &c., Id.* 190; *State, Hutton,* v. *West Orange,* 10 *Id.* 453; *Buess* v. *West Hoboken,* 22 *Id.* 267; *Pardee* v. *Perth Amboy,* 28 *Id.* 106; *Poillon* v. *Rutherford,* 36 *Id.* 538.

The commissioners in the assessment under review have failed entirely to embody in their report this plain require-

ment of the statute, their certificate being in these words: "We the commissioners of assessment offer this as a fair and impartial assessment."

For this reason the assessment is illegal and must be set aside.

It is therefore unnecessary to consider the other grounds urged by the prosecutors.

The order may be entered, with costs, excepting the expense of the taking and printing of the testimony, which we think was plainly unnecessary.

Application may be made for a re-assessment under the act of 1881. *Gen. Stat., p.* 3404, ¶ 547.