LEHIGH VALLEY RAILROAD COMPANY v. MAYOR, RE-
CORDER, ALDERMEN AND COMMON COUNCIL OF
DOVER.

Argued February 17, 1910—Decided June 13, 1910.

1. In determining whether the prosecutor of a *certiorari* in a case of
   a public improvement is barred by laches, a distinction is to be
   made between a case where the effort is to set aside the proceed-
   ings for the improvement itself and a case where the effort is to
   set aside the assessment for benefits.
2. In the ordinary case where a sidewalk is an appendage to the
   abutting property, essential to its beneficial use, it is proper to
   impose the entire expense of construction upon the abutting
   owner; but in a case where the sidewalk is not an appendage to
   the property, but is built for the accommodation of the general
   public, a special assessment for its cost must be limited, as in
   other cases, to the special benefits conferred.
3. A city by virtue of power given in its charter to construct side-
   walks at the expense of the abutting owner, passed an ordinance
   for the paving of a sidewalk along the Morris canal, which at
   that point was fenced off from the highway; the sidewalk on the
   opposite side of the street, where the houses were located, was
   not required to be paved; the sidewalk was of no benefit to the
   owners of the canal. *Held*, that they could not be subjected to
   a special assessment for benefits.

On *certiorari*.

Before Justices GARRISON, SWAYZE and PARKER.

For the prosecutors, *Collins & Corbin*.

For the defendants, *Elmer King (Carl V. Vogt*, on the
brief).

The opinion of the court was delivered by

SWAYZE, J. On July 24th, 1905, the city of Dover adopted
an ordinance for the improvement of the sidewalks of several
streets. The ordinance required the improvements specified
to be made on both sides of each of the streets, excepting
West Blackwell street, and provided for the paving of the

walk on the northerly side only of that street, for some thirteen hundred and eighty-four feet. This distance was along the line of the Morris canal, now controlled by the prosecutors of this writ. The canal at that point was fenced off from the street, and apparently no sidewalk had theretofore existed, for the ordinance provides that sidewalks on both sides shall be graded, graveled and worked to a width of ten feet from the exterior lines of said street, but, as I have said, provides for paving on the side adjoining the canal only. The charter of Dover authorizes the council to pass ordinances for the improvement of sidewalks, including paving and flagging, at the expense of the owner of the abutting property. The company did not improve the sidewalk and pave it, as the ordinance required. The work was done by the city and an attempt made to assess the cost, amounting to $1,522.40, upon the prosecutor, as lessee of the Morris canal. It is this assessment which is brought here by the present writ.

The defendant insists that the writ should be dismissed because of the laches of the prosecutor in suing it out. The bill for the cost of the sidewalk was rendered September 16th, 1907, and this writ tested October. 23d, 1907, about five weeks later. The defendant fails to distinguish between an effort to set aside the ordinance and the present proceeding to set aside the assessment of the expenses upon the prosecutor. The very cases cited in the defendant's brief make this distinction plain. Thus, in *Rosell* v. *Neptune City,* 39 *Vroom* 509, the court held that the contract and the mode of its performance were unassailable by reason of the prosecutor's laches, but found that the assessment for the benefits was illegal, and set it aside; and in *Tusting* v. *Asbury Park,* 44 *Id.* 102, the distinction was stated with the greatest clearness by Mr. Justice Dixon. The court in that case said that the prosecutor could not be heard with regard to any errors in procedure prior to the assessment, and then proceeded to consider the objections to the assessment. Other cases which illustrate the distinction are *Ropes* v. *Essex Public Road Board,* 8 *Id.* 335, and *Youngster* v. *Paterson,* 11 *Id.* 244. It can hardly be said that the prosecutor was guilty of laches

in delaying only five weeks before seeking to review the assessment. No harm could possibly have come to the city by that delay.

Several objections are made to the validity of the assessment. We think it necessary to consider only the fundamental objection that the sidewalk was of no special benefit to the prosecutor, and that therefore the prosecutor could not be subjected to a special assessment. The general principles governing special assessments are well settled, and it seems almost superfluous to repeat what was so well said by Chief Justice Beasley in the case of *Agens* v. *Newark,* 8 *Vroom* 415. The principle, as he states it, is that the cost of a public improvement may be imposed on particularized property to the extent to which such property is exceptionally benefited, and that any special burden beyond that measure is illegal. His whole argument rests upon the view that unless the particular property is specifically benefited, a special exaction imposed upon it and not shared by other property owners, is not taxation, but confiscation. It is true that in discussing assessments for sidewalks he dwelt upon the difference between the sidewalk and the roadway. That difference, as he states it, is, that the sidewalk is an appendage to, and part of, the premises to which it is attached, and is so essential to the beneficial use of such premises that its improvement may well be regarded as a burden belonging to the ownership of the land, and the order or requisition for such improvement, as a police regulation. He adds that it is legitimate to direct that the sidewalk be put in order at the sole expense of the owner of the property to which it is subservient and indispensable, but in criticising the case of *Sigler* v. *Fuller,* he calls attention to the fact that part of the assessment in that case was illegal, for the reason that it imposes a part of the cost of the sidewalk upon the owners of property to which the sidewalk was not an appendage. His language makes it quite clear that the only justification for imposing the total cost of the sidewalk upon the owner of abutting property, is that the sidewalk is an appendage to that property, essential to its beneficial use, or, as he says in other words, "subserv-

ient and indispensable." When this situation is presented, and it is the ordinary situation, it is proper to impose upon the owner the entire expense, and because it is the ordinary situation, there is a presumption, in the absence of proof to the contrary, that the sidewalk is an appendage to the property, beneficial and indispensable to it. It was, in view of this presumption, that this court, speaking through Mr. Justice Fort, said in *Van Wagener* v. *Paterson,* 38 *Id.* 455 (at *p.* 459), that the whole cost of sidewalks may be imposed upon abutting property, irrespective of benefits. This did not mean, however, that an arbitrary assessment could be imposed, but that an assessment might be of the whole cost, and need not be proportioned to the benefit received. The very case cited by him as authority (*Van Tassel* v. *Jersey City,* 8 *Id.* 128) indicates that this is the correct view, for Mr. Justice Bedle there said that the result of the assessment in that case was to make every lot pay for the expense of grading in front of it, whatever might be the depth or amount of excavation or the height of the filling, and that assessment, he said, was in total disregard of the well-established doctrine in this state that the assessment shall not exceed the benefits. In consequence, that part of the assessment for grading was set aside, and even the assessment for flagging was reduced because it appeared that the cost of excavating and filling the whole sidewalk was included therein.

The distinction between cases where the improvement is primarily for the public welfare and only incidentally for the benefit of the landowner, and those where the improvement is primarily for the benefit of the landowner and incidentally for the benefit of the public, was pointed out by Mr. Justice Dixon in *Doughten* v. *Camden,* 42 *Vroom* 426. We there said that where the improvement was primarily for the public welfare and only incidentally for the benefit of the landowner, the cost could be imposed on particularized property only to the extent to which such property was exceptionally benefited. The judgment in that case was reversed, but on no grounds that affect this statement of the law, nor was it open to question, for since the constitutional amend-

ments of 1875 no tax can lawfully be laid upon property which is not determined either by the special benefit derived or by the valuation of the property with respect to which it is laid, upon a uniform rule of valuation at its true value. *Jersey City* v. *Vreeland,* 14 *Id.* 638. This present case is a peculiar one and illustrates the danger of a general statement of the law without regard to the essential principle underlying it. It is quite evident that the sidewalk in this case is not an appendage to the property of the canal company, and is of no benefit to that property. It obviously was built for the accommodation of the general public, and we can hardly avoid the conclusion that in directing that the sidewalks on both sides of the other streets be improved, and that the sidewalk be paved for thirteen hundred and eighty-four feet on West Blackwell street, on one side only, and that, too, the side away from the houses, the council of the city was attempting, by an act of arbitrary power, to compel the railroad company, as lessee of the canal, to pay for a public improvement of which it did not share the benefit. Such a proceeding is taking property without due process of law, contrary to our constitutional provisions, and the assessment must therefore be set aside, with costs.