DELAWARE RIVER BRIDGE RAILROAD AND BRIDGE COMPANY, PROSECUTOR, v. THE TOWNSHIP COMMITTEE OF THE TOWNSHIP OF HADDON ET AL., RESPONDENTS.

Decided January 31, 1927.

**Taxes and Assessments—A Certain Piece of Land was Assessed as a Part of the Right of Way of a Railroad Company—Municipality Has Assessed Benefits Against it For Paving, Guttering, &c.—Held, Not Subject to Taxation For Such Purposes—No Laches Found.**

On *certiorari*.

Before Justices BLACK and CAMPBELL.

For the prosecutor, *Bourgeois & Coulomb*.

For the respondents, *Walter S. Keown*.

PER CURIAM.

The prosecutor is a duly incorporated railroad company operating a railroad from a point in the vicinity of Haddonfield to Delair, in the county of Camden. At a point where Maple avenue, a public highway, crosses the right of way of the railroad company, in the township of Haddon, the railroad tracks are laid in a cut, and the avenue is carried over the right of way by means of a bridge, which is approximately thirty-two feet wide and ninety feet in length. The bridge extends east and west and the right of way at that point runs north and south. At the west end of the bridge there is a twenty-six-foot strip of land and on the easterly end there is one twenty-three feet wide. Both strips are on a level with Maple avenue and form the shoulders of the cut through which the railroad tracks are laid and are used by the company for the purpose of protecting the slopes from erosion by rain, melting snows and the like and to likewise protect adjoining properties to the east and west.

There are no buildings or structures of any kind on such strips, and so far as the prosecutor is concerned they are a part of its right of way and are so considered and reported to the state board of taxation and are assessed by that board as a part of the right of way and main stem of the railroad as required by statute.

In improving Maple avenue by paving, guttering and curbing the respondent has caused these two strips of land to be assessed for benefits.

The prosecutor, contending that its property is not subject to assessment for such purposes, sued out this writ and seeks to have the assessments set aside and vacated.

Under *New York Bay Railroad Co.* v. *Newark,* 77 *N. J. L.* 270; 82 *Id.* 591, we think such contention of the prosecutor is sound and the lands in question were not subject to the assessments.

But the respondents contend that if that be so the assessments should not be set aside and that the prosecutor is not entitled to have this writ of *certiorari* because it is in laches under both *Certiorari* act (1 *Comp. Stat., p.* 407, § 15) and the Municipalities act (2 *Supp. Comp. Stat.* (1911-1924), *p.* 2209, §§ 136, 2057), in that a period of nearly eight months elapsed from the date the assessments were levied and the date of the allowance of the writ. The *Certiorari* act, *supra,* limits the allowance of the writ to sixty days after such assessments are confirmed, and the Municipalities act, *supra,* fixes such limitation at thirty days.

This would be so if the ground urged for setting the assessments aside was some irregularity in the proceedings, or for an undue or excessive amount of assessment or mistake in the manner of making them, but these limitations do not apply and laches cannot be successfully urged, where, as here, the lands were not subject to assessment. *Benedictine Sisters* v. *Elizabeth,* 50 *N. J. L.* 347; *Meredith* v. *Perth Amboy,* 63 *Id.* 520; *Winants* v. *Jersey City,* 42 *Id.* 349.

The assessments under review are therefore set aside.