CHARLES E. LUCAS, PROSECUTOR, v. THE BOARD OF COMMISSIONERS OF THE TOWN OF MONTCLAIR, AND DAVID H. MABEY, ASSESSORS, RESPONDENTS.

Argued January 20, 1942—Decided February 28, 1942.

Before Justices PARKER, DONGES and COLIE.

For the prosecutor, *John A. Bennett.*

For the respondents, *George S. Harris.*

The opinion of the court was delivered by

PARKER, J. The attack is on the legality of an assessment against land of prosecutor in Montclair, for the construction of a sewer in Yantacaw Brook Road from Bellevue Avenue to Alexander Avenue, about nine-tenths of a mile, and continuing westwardly in Alexander Avenue. The prosecutor owned, when the sewer was authorized, a considerable tract of land fronting about 350 feet on the east side of Yantacaw Brook Road, and running back in an easterly direction, crossing the Bloomfield line, to Broad Street, Bloomfield. The tract is somewhat irregular in form, but the average depth to the Bloomfield line was about 1,500 feet, and from that line to Broad Street, Bloomfield, somewhat over 900 feet more. The assessment covers all of the tract on the Montclair side of the line. After it was confirmed June 17th, 1937, by deed dated March 18th, 1938, prosecutor conveyed to his wife the part in Bloomfield, and something less than 300 feet of additional depth in Montclair. This fact is stipulated, but the relevancy of it remains to be seen.

The first reason filed seems to be a multiple one, and takes up considerably over a page of the printed case. We understand the claims thereunder to be (a) that the present benefit of the improvement extended only for a reasonable distance from the frontage and not to the Bloomfield line; (b) that because of reversal of grade, the rear part of the property could not at any time drain into the sewer: (c) that much of the land would require the construction of laterals in order to get the benefit of this sewer: (d) that an assessment on the whole tract is in violation of both the state and national constitutions. These claims may as well be considered at this point.

If it were stipulated, or otherwise made to appear, that the assessed tract had been laid out into building lots, each of a size deemed suitable to the locality, like a chain of lots of 75 feet frontage and about 150 feet in depth which we

observe on the map on the same side of the road, the nearest of which is within 300 feet of prosecutor's tract, a restriction of the assessments to those lots that could be drained into the sewer would be proper, and probably required; but no such situation appears in this case. Prosecutor's property is mapped as one continuous tract, like properties on each side of it. No photograph is submitted, and the stipulation is silent as to whether there are buildings on the tract, but it may well be that this tract, nearly eleven acres in area, and similar properties on each side of it, are devoted to purposes of suburban residence by separate owners, each as a complete establishment. In any such situation, the rule in *Aldridge* v. *Essex Road Board,* 51 *N. J. L.* 166, applies. In that case the assessors confined the assessment to the front part of the tracts, and the Court of Errors and Appeals reversed a judgment of this court sustaining the assessment. In the present case all that we have as a guide is the map showing a continuous eleven acre tract assessed as a whole, apparently capable of division longitudinally, but not laterally, as there would be in that case no public access to the rear part. We conclude therefore that no error in the character of the assessment has been shown. This, we think, disposes of Reason 1, alluded to above, and also of Reason 4, which reads as follows: "Said assessment was in violation of said Articles of the respective Constitutions of the United States of America and the State of New Jersey because it was made without regard to benefits conferred as to part of the premises and without regard to benefits conferred as to the balance of the premises." Reason 5 merely alleges general error, and needs no discussion.

Reasons 2 and 3 undertake to raise constitutional questions. The facts as we gather them from the third and fourth stipulations are that three pieces of land within the assessment area, owned by the town, were not assessed. All seem to have been previously the property of a local country club. One had been conveyed to the town in 1930 and 1931, six years before the assessment was confirmed; and the other two contracted to be conveyed to the town in 1931, but not actually conveyed until 1938. The argument is (to quote the brief)

that "as those areas * * * were not considered among the properties benefited, with the result (*sic*) that the assessment was not proportionate."

One answer, and we think a sufficient one, is that more than half the total cost of the improvement was assessed against the municipality at large. This brings the present case squarely within the ruling in *Righter* v. *Newark*, 45 *N. J. L.* 104, 109.

Another answer is that municipal property is not assessable. *Green* v. *Hotaling*, 44 *N. J. L.* 347; *affirmed*, 46 *Id.* 207; *Leggett* v. *Plainfield*, 97 *Id.* 341. Prosecutor concedes the rule enunciated in these cases, but argues that the municipal property must be included in the assessment area. We find nothing to indicate that they were not so included; on the contrary, they seem to be located and numbered on the assessment map.

A third reason, procedural in character, is that no appeal under the statute was taken at any time. Prosecutor insists that the constitutional points made are not proper subjects of appeal to the Circuit Court; but assuming this for the sake of argument, though not conceding it, the fourth reason applies, viz., that by statute (*R. S.* 40:56-40) *certiorari* should have been asked within thirty days after confirmation of the assessment, and in this case prosecutor waited for over four years thereafter.

The writ will be dismissed, with costs.