721 A.2d 8

RICHARD D. OROS, SHARON L. OROS, VINCENT A. DESIMON, E. THELMA DESIMON, JAMES L. MORAN, TOM O'KEEFE, MISTY M. O'KEEFE, JOSEPH GABODA, WAYNE WARZYBUK, WENDY S. NEVIUS, WILLIAM F. SLACK, MARY E. SLACK, HENRY T. BOYER, LORRAINE BOYER, SUDHANSU K. BAKSI, SUPASMA BAKSI, JOHN DOE 1, JOHN DOE 2, JOHN DOE 3, AND JOHN DOE 4, PLAINTIFFS-APPELLANTS, v. TOWNSHIP OF BRIDGEWATER, DEFENDANT-RESPONDENT.

Superior Court of New Jersey
Appellate Division

Argued November 5, 1998—Decided November 20, 1998.

Before Judges STERN and LANDAU.

*Richard D. Franzblau* argued the cause for appellants (*Mr. Franzblau*, on the briefs).

*Anthony E. Koester* argued the cause for respondent (*William W. Lanigan*, attorney; *Mr. Koester*, on the brief).

The opinion of the court was delivered by

STERN, P.J.A.D.

Plaintiffs appeal from a judgment dismissing their complaint challenging a sewer construction assessment imposed by the Township of Bridgewater. The complaint was dismissed on defendant's motion because plaintiffs failed to provide notice to the Township Tax Collector and Township Clerk within thirty days of the adoption of the sewer assessment, as required by *N.J.S.A.* 40:56–54.

The resolution confirming the report of the Assessment Commissioners and establishing the assessment was adopted by the Bridgewater Township Council on August 18, 1997, and a complaint in lieu of prerogative writ was filed on September 17, 1997.

It is undisputed that the Township Clerk was served with a copy of the complaint on September 30, 1997 and the Tax Collector was served on October 8, 1997, both more than thirty days after the resolution was adopted.[1] The complaint was dismissed for failure to provide notice to the Tax Collector and Township Clerk within thirty days after enactment of the resolution as required by *N.J.S.A.* 40:56–54. That statute, entitled "appeals from assessments and awards of incidental damages; procedure," provides that

> the owner of any property assessed for benefits ... may within thirty days after confirmation of such assessment ... appeal from the same to the Superior Court by serving written notice of such appeal within such thirty days upon the tax collector and a duplicate upon the clerk of the governing body, either personally or by leaving the same at his office or place of abode.[2]
>
> [*N.J.S.A.* 40:56–54.]

Plaintiffs argue that they "substantially complied with the statute" by sending a copy of their complaint to the Township attorney (about thirty-nine days after the resolution was filed and within ten days of filing suit)[3] and that, in any event, "the appeal

---

[1] Plaintiffs' counsel so certified and also certified that the defendant "Township was served via its attorney on September 29, 1997."

[2] An exception for cities of the first class is inapplicable in this case.

[3] Plaintiffs' counsel contends that the municipal attorney indicated he would accept service and sent him a copy of the summons and complaint shortly after it was filed. Plaintiffs give no date for the dispatch, but we understand it to be more than thirty days after the resolution was adopted because plaintiffs say: "[a]fter filing of the lawsuit [which we note was on September 17, 1997] and receiving the filed copy from the Court, it was duly forwarded to the Township Attorney." The Township Attorney responded on October 1, 1998, stating:

I have received your letter dated September 26, 1997 on September 29, 1997, which enclosed an original summons and a copy of the complaint in

of a municipal sewer assessment may be properly raised and pursued through an action in lieu of prerogative writ." Plaintiffs also contend that we must reverse because he was not granted oral argument on the motion to dismiss. However, plaintiffs were afforded argument before us on the purely legal question involved, so they can assert no prejudice affecting the ultimate outcome.[4]

Plaintiffs contend that *N.J.S.A.* 40:56–54 is procedural; that *R.* 4:69 governing prerogative writs therefore controls; that there are "parallel avenues to pursue and review assessments"; that because "local assessment appeals in and of themselves are constitutional issues," they are subject to *R.* 4:69–6(b)(2), and that therefore the service of the summons and complaint is sufficient without the prior statutory notice to the Township Tax Collector and Town Clerk (so long as the complaint was timely filed under *R.* 4:69–6(b)(2) which, as an exception to the general forty-five day time period in which to file a prerogative writ action, provides that "[n]o action in lieu of prerogative writs shall be commenced . . . to review an assessment or award made for any municipal improvement after 30 days from the date of the confirmation of such assessment or award."). In other words, plaintiffs insist that the statute setting forth the procedures for appealing assessments is not dispositive because of the Supreme Court's constitutional power to adopt rules governing practice and "procedure." *N.J. Const.* art. VI, § 2, ¶ 3.

----

the above captioned matter, and in which you requested that I acknowledge service.

I am not authorized to accept service and suggest to you that the procedure in an appeal from the confirmation of an assessment is governed specifically by N.J.S.A. 40:56–54 which requires that you appeal to the Superior Court "by serving written notice of such appeal within thirty days upon the tax collector and a duplicate upon the clerk of the governing body."

As Township Attorney I have no authority to deviate from that statute and, therefore, I am returning your correspondence and enclosure herein.

[4] Under *R.* 1:6–2 plaintiffs were entitled to argument on the motion as it involved neither discovery nor scheduling. However, argument was never requested by either party. *See R.* 1:6–2(c),(d).

This appeal is controlled by *Holloway v. Pennsauken Township,* 12 *N.J.* 371, 97 *A.*2d 141 (1953), which upheld the dismissal of a complaint in lieu of the prerogative writ of *certiorari* for failure to comply with *N.J.S.A.* 40:56–54. *Holloway* was decided after adoption of the 1947 Constitution and its embodiment of the Supreme Court's rulemaking power concerning practice and procedure.

In upholding the dismissal, the Supreme Court said:

Both in the Appellate Division and here the plaintiffs argued that statute is inapplicable and the remedy is by proceeding in lieu of *certiorari* inasmuch as the assessments are attacked on constitutional grounds; that therefore the 30–day limitation in *R.S.* 40:56–40 and *Rule* 3:81–15(b)(4) and the doctrine of laches do not apply. Because a constitutional question was alleged to have been raised, the appeal was brought here. *Rule* 1:2–1.

. . . .

*R.S.* 40:56–54 was in effect prior to the adoption of the *Constitution of* 1947 and remained in effect by virtue of *Art.* XI, *Sec.* I, *par.* 3. It is not intimated that any rule of court has yet been promulgated to take the place of the statute.

In attempting to by-pass the statute the plaintiffs rely on cases in which an attack on an assessment by writ of *certiorari* has been allowed.

. . . .

*Certiorari* has been recognized as a proper means of challenging assessments where fundamental rights of property owners have been violated or the enabling statute or ordinance upon which the assessments were based were unconstitutional. In those instances time limitations, whether imposed by statute or the doctrine of laches, will not act as a bar.

. . . .

The basic reasoning is obvious. If the enabling statute or the ordinance authorizing the improvement and assessment is unconstitutional, or if the land owner is deprived of such a fundamental constitutional right as the vital right of notice or hearing, then the time limitation does not apply.

But here the property owners have conceded proper notice and full hearing. The qualifications of the assessment commissioners are not questioned. There is no charge of unconstitutionality of the ordinance of February 14, 1949 providing for the assessment of the costs of the new sewage facilities against the lands benefited; nor does it appear that *R.S.* 40:56–27, providing assessments shall be levied in proportion to the peculiar benefits received by the respective lots, is attacked on constitutional grounds.

. . . .

Here the plaintiffs attempt to clothe their charges of illegality of the assessments in the guise of constitutional questions. In reality, however, the allegations are merely that by reason of the inclusion or exclusion of particular property, the assessments are undue or excessive and that they are unfair because they include the cost of the 1925 project and because the plaintiffs construe the provisions of certain deeds given by the township to preclude an assessment against lands covered by said deeds. No question of fundamental constitutional rights is raised by these assertions, nor is the constitutionality of the enabling statute or the township's ordinance under attack. Thus, all these matters could have been inquired into and determined by the Superior Court on appeal.

The Legislature, by *R.S.* 40:56–54, has provided the avenue of attack for every charge made here on the disputed assessment. The procedure set forth in the statute as to time and manner of challenging the assessment has been fortified by judicial adjudications.

. . . .

Every issue raised here by the land owners was the proper subject of inquiry under *R.S.* 40:56–54. The plaintiffs failed to institute their proceedings within the time limited by the statute, thus justifying the ruling of the trial court, affirmed by the Appellate Division.

[*Holloway v. Pennsauken Tp., supra,* 12 *N.J.* at 373–77, 97 *A.*2d 141.][5]

This case involves a claim of excessiveness as opposed to a "substantial" constitutional claim "such as ... the power of the municipality to pass [the] ordinance [ ] altogether." *Rutan Estates, Inc. v. Belleville,* 56 *N.J.Super.* 330, 337, 152 *A.*2d 853 (App.Div.), *certif. denied,* 30 *N.J.* 601, 154 *A.*2d 673 (1959). In essence, plaintiffs' complaint alleges that the assessment was excessive in violation of *N.J.S.A.* 40:56–27. Plaintiff sought only a declaration that the assessment was "null, void and of no force or effect" and "that the Defendant be required to recalculate the

---

[5] *Rule* 3:81–15(b)(4) was adopted on March 15, 1951. That rule then provided that "[n]o proceeding in lieu of certiorari shall be allowed ... (4) to review an assessment or award made for any municipal improvement after thirty days from the date.of the confirmation of such assessment or award." *Rule* 3:81–15 was subsequently amended to refer to proceedings in lieu of prerogative writs. The other amendments to that *Rule* and the 1953 and 1969 revisions to the *Rules* continued to contain similar language.

assessment, by pro-rating the assessment to include the adjacent developments." Their complaint alleged:

10. In confirming the assessment, the governing body failed to recognize the benefits conferred upon developers and adjacent real estate developments. The Township failed to properly distribute the costs of the Project among the related developments and did not record in its Minutes the reasons for not distributing the costs evenly among the beneficiaries of the Project, nor did it record an explanation of the costs borne by developers.

11. Enforcement of this sewer assessment will arbitrarily and unreasonably burden the Plaintiff homeowners by forcing them to pay for benefits enjoyed by the developers and future homeowners.

In these circumstances, as in *Holloway*, we must affirm the dismissal of the complaint. *See also Rutan v. Belleville, supra*, 56 *N.J.Super.* at 337, 152 *A*.2d 853 (noting enlarged time period permissible under rule governing prerogative writ actions where a substantial constitutional issue is involved, but stating that "nothing may be asserted as a constitutional question which may be raised upon an appeal from an assessment under *N.J.S.A.* 40:56–54").[6] Moreover, the case on which plaintiffs rely, *Ridgewood Country Club v. Borough of Paramus*, 55 *N.J.* 62, 259 *A*.2d 218 (1969), does not refer to *N.J.S.A.* 40:56–54. While the successful challenge to the assessment there was by action in lieu of prerogative writs in the Law Division, *see Ridgewood, supra*, 55 *N.J.* at 67, 259 *A*.2d 218, as it had to be, there is no suggestion that the notice requirement of *N.J.S.A.* 40:56–54, necessary for budgeting purposes, was not respected.

Affirmed.

---

[6] At the time *Rutan Estates* was decided, *R.R.* 4:88–15(b)(2) contained language similar to the present *R.* 4:69–6(b)(2).