BERGEN COUNTY SEWER AUTHORITY, A BODY CORPO-RATE AND POLITIC OF THE STATE OF NEW JERSEY, PETITIONER-RESPONDENT, v. THE BOROUGH OF LIT-TLE FERRY, A MUNICIPAL CORPORATION OF THE STATE OF NEW JERSEY, DEFENDANT-APPELLANT.

Argued October 23, 1950—Decided November 20, 1950.

*Mr. Alfred W. Kiefer* argued the cause for the appellant.

*Mr. Walter H. Jones* argued the cause for the respondent.

The opinion of the court was delivered by

ACKERSON, J.   The Borough of Little Ferry (hereinafter referred to as the "Borough") appeals from a judgment of the Appellate Division of the Superior Court affirming an order of a judge of the Law Division appointing commissioners in a condemnation proceeding instituted by the Bergen County Sewer Authority pursuant to *R. S.* 40:36A–36 and *R. S.* 20:1–1 *et seq.*   It will be noted that the order was thus reviewed by a direct appeal to the Appellate Division rather than by a separate proceeding in lieu of the prerogative writ of *certiorari* in the Law Division of the Superior Court.

The record before us discloses the following pertinent facts:

In September, 1949, the Bergen County Sewer Authority (hereinafter referred to as the "Authority"), a body corporate and politic, created under *R. S.* 40:36A–1 *et seq.*, presented a verified petition to a judge of the Law Division of the Superior Court for the appointment of commissioners to fix the compensation to be paid by the Authority for certain described land situate in and owned by the Borough of Little Ferry, pursuant to the provisions of the Eminent Domain Act, *R. S.* 20:1–1 *et seq.*   The petition alleges that the Authority possesses the power to condemn land by virtue of *R. S.* 40:36A–36 *et seq.* and that the acquisition by it of title to the described land is necessary in order for the Authority to accomplish the purposes for which it was created.   An order assigning the time and place for hearing on the appointment of commissioners thereupon issued and notice thereof was given to the Borough.   The matter was heard on the petition and an order appointing three commissioners to examine and appraise the land as prescribed by the Eminent Domain Act was entered by the Law Division judge in December, 1949.

The Appellate Division in affirming the order appointing the condemnation commissioners upheld the constitutionality

of the act under which the Authority was created, contrary to the Borough's contention on the appeal. At the same time it sustained the Borough's right to review the order by direct appeal to the Appellate Division under *Rule* 3:81–7, rather than by a separate proceeding in lieu of the writ of *certiorari* in the Law Division of the Superior Court under *Rule* 3:81–2 which the Authority contended was the exclusive procedure available to the Borough for such review.

Since this latter holding concerns the appropriate jurisdiction to entertain the initial review of the order in question, we turn immediately to its consideration. The Eminent Domain Act (*R. S.* 20:1–1 *et seq.*) refers the appointment of condemnation commissioners to "one of the justices of the supreme court or to a judge of the circuit court * * *" (now judges of the new Superior Court, *R. S.* 1:1–22). The right of eminent domain is an inseparable attribute of sovereignty—an inherent power founded in the primary duty of government to serve the common need and advance the general welfare—and its exercise is essentially a legislative and not a judicial function. Hence the judicial officer designated to appoint the commissioners who fix the compensation to be paid for the expropriation of private property acts as a mere legislative agent in furtherance of the legislative will upon the ascertainment of certain facts according to the standard laid down in the statute which is a properly delegated legislative function. It is not in essence the exercise of judicial authority within the intendment of Article III of our present Constitution pertaining to the division of governmental powers. The statutory jurisdiction is not conferred upon the courts as such but upon the individual judges thereof, *designatio personæ,* who act in exercising it solely in the capacity of legislative agents exercising a delegated authority. *Ryan v. Housing Authority of Newark,* 125 *N. J. L.* 336 (*Sup. Ct.* 1940) ; *State, etc., v. Hudson Tunnel R. R. Co.,* 38 *Id.* 548 (*E. & A.* 1876) ; cf. *W. J. & S. R. R. Co. v. Ocean City R. R. Co.,* 61 *Id.* 506 (*Sup. Ct.* 1898) ; cf. *Mulhearn v. Federal Shipbuilding, etc., Co.,* 2 *N. J.* 356 (1949). For these rea-

sons, under the practice existing prior to the effective date of the Judiciary Article of our present Constitution (September 15, 1948), *certiorari* was the appropriate remedy for reviewing an order appointing condemnation commissioners, *R. S.* 20:1–8, the counterpart of which is now found in *Rule* 3:81–2 providing for proceedings in lieu of prerogative writs in the Law Division of the Superior Court.

The court below, while assuming that the order in question was reviewable by a separate proceeding in lieu of the writ of *certiorari* in the Law Division under *Rule* 3:81–2, nevertheless held that there was a direct appeal to the Appellate Division to review the validity of the order on the record below under *Rule* 3:81–7, as amended March 25, 1949, which provides as follows:

"Review of statutory proceedings in the Superior Court and the County Courts, and proceedings before inferior courts of limited jurisdiction created pursuant to Article VI, Section 1 of the Constitution, shall be by appeal to the Appellate Division. Such appeals shall be taken and shall proceed in the same manner as appeals from the Trial Divisions to the Appellate Division."

■■ The holding below was based upon the conclusion that "this language was intended to encompass condemnation proceedings where a Judge of the Superior Court sits as a 'statutory tribunal.'" We cannot accept this interpretation. This rule clearly has reference to proceedings *in* the Superior Court and the County Courts and proceedings before inferior courts of limited jurisdiction. The appointment of condemnation commissioners is not a function of the Superior Court but of a judge thereof acting as a designated legislative agent. The rule as drawn has reference to the exercise of a judicial function in a court, and, as we have already observed, the appointment of such commissioners is not a judicial but a legislative function. Under the old practice *certiorari* was, for this reason, the proper method for review. Under the practice inaugurated by the new rules adopted pursuant to the Constitution of 1947, the appropriate remedy is by a proceeding in lieu of the prerogative writ of *certiorari*, in the Law Division of the Superior Court, pursuant to *Rule* 3:81–2.

██ Therefore, since the Appellate Division did not have jurisdiction of the appeal in the instant case under *Rule* 3:81-7, its judgment thereon is a nullity, and there is nothing further before us for review. While we are loath to dismiss an appeal where a public improvement is involved without a decision on the merits, nevertheless, we have no choice in the instant case since the jurisdiction of the lower court is challenged by the respondent (Authority) itself. Nor are we free to proceed, even if the jurisdictional question had not arisen, in view of the failure to comply with *Rule* 3:24-2 requiring notice to the Attorney General where, as here, the validity of a statute is drawn in question, in order that timely application may be made for intervention by the State.

The appeal below as well as the appeal here are accordingly dismissed without costs and without prejudice.

*For dismissal*—Chief Justice VANDERBILT, and Justices CASE, HEHER, OLIPHANT, WACHENFELD, BURLING and ACKERSON—7.