IN THE MATTER OF THE NEW JERSEY TURNPIKE AU-
THORITY FOR THE CONDEMNATION OF LANDS OF
EDWIN P. SWEETEN AND GERALDINE B. SWEETEN,
HIS WIFE.

Superior Court of New Jersey
Appellate Division

Argued April 21, 1952—Decided April 30, 1952.

Francis, J., dissented.

Before Judges EASTWOOD, BIGELOW and FRANCIS.

*Mr. Ward J. Herbert* argued the cause for the New Jersey Turnpike Authority (*Mr. Morgan R. Seiffert,* attorney).

*Mr. John Henry Reiners, Jr.,* argued the cause for the landowners-appellants.

PER CURIAM.  The proceedings instituted by The New Jersey Turnpike Authority (hereinafter referred to as "The Authority") to condemn the lands of Edwin P. Sweeten and Geraldine B. Sweeten, his wife (hereinafter referred to as the "owners"), resulted in an award by the commissioners of $52,500.  The authority moves to dismiss the appeal of the owners from an order of Superior Court Judge Woods, entered on November 28, 1951, denying the owners' application to direct the commissioners to reopen and reconsider their report to include additional compensation for the destruction of the access road to their property, and to tax and allow their costs, fees and expenses.

The commissioners were appointed on January 26, 1951, the order providing that their report be filed by May 1, 1951,

which time was extended by Judge Woods' orders, respectively to June 22, 1951, and July 27, 1951. The commissioners' report was filed on July 5, 1951. No appeal was taken therefrom by either party within the ten-day period prescribed by *R. S.* 20:1–16. Nor was any application made for an extension of the time for filing the notice of appeal within the 30-day period provided under *R. S.* 20:1–17. On August 13, 1951, the owners made an application to Judge Woods for reconsideration of the commissioners' report and the allowance of their costs, fees and expenses. This application was denied by Judge Woods on the grounds that (1) a review or reconsideration of the commissioners' report must be by appeal to the Superior Court and a trial before a struck jury, and (2), that there was no statutory authority for the allowance to the owners for their costs, expenses and fees. Thereupon, the owners took an appeal from Judge Woods' order.

We are clearly of the opinion that the motion for dismissal of the appeal must be granted. Our courts have consistently held that proceedings taken under the Eminent Domain Act (*R. S.* 20:1–1 *et seq.*) are before a judge of the Superior Court solely as a legislative or statutory agent; that these proceedings are not in the Superior Court as such, or before a judge of the Superior Court as such. *Teaneck Township v. Mercer,* 124 *N. J. L.* 120 (*E. & A.* 1939); *Bergen County Sewer Authority v. Little Ferry,* 5 *N. J.* 548 (1950). In the *Teaneck* case, Mr. Justice Case, speaking for the court, stated:

"All of the papers from the application for appointment of commissioners on down appear to have been entitled in the Supreme Court. The proceedings to condemn were not in the Supreme Court; neither was the application for allowances. Justice Bodine sat as a statutory tribunal; the papers should have been appropriately entitled, and those with which this appeal is concerned may be amended accordingly."

In the *Little Ferry* case, Mr. Justice Ackerson, speaking for the Supreme Court, stated:

"\* \* \* The Eminent Domain Act (*R. S.* 20:1–1 *et seq.*) refers the appointment of condemnation commissioners to 'one of the justices of the supreme court or to a judge of the circuit court \* \* \*' (now judges of the new superior court, *R. S.,* 1:1–22). The right of eminent domain is an inseparable attribute of sovereignty—an inherent power founded in the primary duty of government to serve the common need and advance the general welfare—and its exercise is essentially a legislative and not a judicial function. Hence the judicial officer designated to appoint the commissioners who fix the compensation to be paid for the expropriation of private property acts as a mere legislative agent in furtherance of the legislative will upon the ascertainment of certain facts according to the standard laid down in the statute which is a properly delegated legislative function. It is not in essence the exercise of judicial authority within the intendment of Article III of our present Constitution pertaining to the division of governmental powers. The statutory jurisdiction is not conferred upon the courts as such but upon the individual judges thereof, *designatio personae,* who act in exercising it solely in the capacity of legislative agents exercising a delegated authority. \* \* \* For these reasons, under the practice existing prior to the effective date of the Judiciary Article of our present Constitution (September 15, 1948), *certiorari* was the appropriate remedy for reviewing an order appointing condemnation commissioners, *R. S.* 20:1–8, the counterpart of which is now found in *Rule* 3:81–2, providing for proceedings in lieu of prerogative writs in the Law Division of the Superior Court."

The owners argue that they are entitled to proceed by appeal to the Appellate Division under authority of *Rule* 3:81–8. This rule specifically applies and is limited to appeals from the final decision or action of any state administrative agency. Clearly, under the *Teaneck Township* and *Little Ferry* cases, *Rule* 3:81–8 is not applicable.

We find no merit in the other contentions advanced by the owners for the prosecution of their appeal.

Appeal dismissed.

FRANCIS, J. C. C. (assigned) (dissenting). If the judge of the Superior Court who made the order sought to be reviewed was acting as a legislative or statutory agent, then *Bergen County Sewer Authority v. Borough of Little Ferry,* 5 *N. J.* 548, 76 *A.* 2d 680 (1950), is conclusive. In this situation review would have to be by proceeding in lieu of *certiorari* and not by appeal and, consequently, the motion of

the Turnpike Authority would have to be granted. However, I cannot agree that such is the case.

It appears here that following their appointment, in the making of which the judge acted as a legislative agent (*Bergen County Sewer Authority v. Borough of Little Ferry, supra*), the commissioners conducted hearings, reached their conclusion as to the value of the land taken and filed their report. Thereafter the landowners made an application to the same judge for an order directing the commissioners to reconsider the report so that it could be amended to include an element of damage relating to the cost of construction of a certain access road, which, the landowners claim, the commissioners omitted because of an understanding by them that the authority intended to provide such a road. This motion was made by virtue of section 31 of the act under which these proceedings were instituted (*R. S.* 20:1–31). It provides that:

"The justice of the supreme court or judge of the circuit court, upon any hearing before an appeal to a circuit court is filed, and the circuit court thereafter, shall make such further orders and direct such further proceedings and permit such amendments of the description, proceedings and plans as may appear reasonable or as may promote the public purposes for which the power to condemn was conferred or *the fair trial of the issue on the merits.*" (Italics mine.)

In my judgment, in determining the problem presented under this section the judge of the Superior Court was not acting *pro hac vice* as a statutory agent and performing an almost ministerial duty, as in the case of the appointment of commissioners (*Morris & Essex Railroad Co. v. Hudson Tunnel Railroad Co.*, 38 *N. J. L.* 548 (*E. & A.* 1876)). He was dealing with a matter relating to the "fair trial of the issue on the merits," in his judicial capacity as a judge of the court (*In the matter of extending Canal and widening Walker Streets*, 12 *N. Y.* 406, 411 (*Ct. App.* 1855); *In the matter of application of Mayor, etc., of New York relative to the widening and straightening of Broadway*, 49 *N. Y.* 150 (*Ct. App.* 1872); *Matter of New York Central & Hudson*

*River Railroad Co. to appraise lands,* 64 *N. Y.* 60 (*Ct. App.* 1876)), and thus functioning in a statutory proceeding *in* the Superior Court.

*Rule* 3:81-7 prescribes that "review of statutory proceedings in the Superior Court ＊ ＊ ＊ shall be by appeal to the Appellate Division." Consideration of the factors which must have fathered this rule impel the conclusion that it ought to be most liberally construed and applied. These factors could not be presented more appropriately than by the effect of the dismissal of the appeal in the present case. If the judge here was functioning as a legislative agent in making the order appealed from, according to the *Bergen County Sewer Authority* case, *supra,* review thereof must be by a proceeding in lieu of *certiorari.* This would create an anomalous situation. He is the assignment judge and the only Superior Court judge sitting in the particular county. Such a review, therefore, in the course of normal procedure would be prosecuted before him. Unless he disqualified himself or by some other means it was made possible for another Superior Court judge to hear the matter, such review might well be *pro forma* and merely represent a requisite but unproductive step for landowners in order ultimately to obtain a hearing by an independent tribunal.

Even if the order in question had been made in a county where two or more Superior Court judges sit regularly in the Law Division, the difference is merely in degree of anomaly. In such a county it would be expected that the review by proceeding in lieu of *certiorari* would be brought on before a judge other than the one who made the disputed order. However, such judge would be functioning at the same level of adjudication, a condition which seems incompatible with our present modern judicial system.

These considerations lead me to the view that the appeal should not be dismissed.