ELIZABETH A. HOLLOWAY, *ET AL.*, PLAINTIFFS-APPELLANTS, v. TOWNSHIP OF PENNSAUKEN, *ET AL.*, DEFENDANT-RESPONDENT.

Argued April 20, 1953—Decided May 18, 1953.

· *Mr. W. Louis Bossle* argued the cause for appellants.

*Mr. Thomas F. Salter* argued the cause for respondent.

The opinion of the court was delivered by

WACHENFELD, J. Two hundred thirty-six property owners in the defendant Township of Pennsauken challenge the validity of assessments made against their lands. The assessments were for special benefits resulting from a local improvement, to wit, sanitary sewers and a sewage pumping station.

In February of 1949 the township, after public hearings, adopted two ordinances authorizing the improvements, the cost thereof to be assessed against the lands benefited. The work so authorized was completed in the latter part of 1950. A public meeting was called by the board of assessment commissioners and thereafter, on December 29, 1950, the township committee confirmed the report of the commissioners fixing the individual assessments. The assessments cover the cost not only of the 1950 construction but also of the construction of a sewer in 1925 not usable until completion of the 1950 project.

Nine months and five days after the assessments had been confirmed, the plaintiffs filed their complaint in lieu of *certiorari*. The defendant Pennsauken Sewage Authority was eliminated as a defendant. The Attorney-General was made a defendant to the amended complaint filed April 10, 1952, but no answer being filed in his behalf, a default was entered. Thus the Township of Pennsauken is referred to hereafter as the defendant.

The assessments were said to be illegal because: (1) they were based upon a mathematical formula and were not limited to the special benefits received by the individual parcels of land; (2) certain benefited lands owned by the municipality and by private owners were omitted and should have been included in the calculation of the assessments; (3) the assessments exact from the land owners double payment because they cover the cost of the 1925 sewage system project as well as the 1950 project; and (4) certain parcels of land should not have been assessed because of .covenants in the deeds running from the township to the predecessor in title of some of the plaintiff property owners.

The defendant moved to dismiss the action because the plaintiffs: (1) had failed to take an appeal to the Law Division of the Superior Court within 30 days as provided by *R. S.* 40:56–54; (2) had not instituted the action in lieu of *certiorari* within 30 days after the confirmation of the assessment, in accordance with *R. S.* 40:56–40 or *Rule* 3:81–15(*b*)(4), and (3) were guilty of laches.

The motion, treated on the trial level as one for summary judgment, was granted, but none of the three grounds set forth above was specified. *Cf. Rule* 3:12–2.

On appeal, the Appellate Division affirmed on the ground the plaintiffs were barred by the 30-day limitation in *R. S.* 40:56–54. *Holloway v. Twp. of Pennsauken,* 23 *N. J. Super.* 224 (*App. Div.* 1952).

Both in the Appellate Division and here the plaintiffs argued that statute is inapplicable and the remedy is by proceeding in lieu of *certiorari* inasmuch as the assessments are attacked on constitutional grounds; that therefore the 30-day limitation in *R. S.* 40:56–40 and *Rule* 3:81–15(*b*)(4) and the doctrine of laches do not apply. Because a constitutional question was alleged to have been raised, the appeal was brought here. *Rule* 1:2–1.

The statute, *R. S.* 40:56–54, provides in part:

"* * * the owner of any property assessed for benefits * * * may within thirty days after confirmation of such assessment * * * appeal from the same to the circuit court of the county * * *

by serving written notice of such appeal within such thirty days upon the tax collector and a duplicate upon the clerk of the governing body. * * *

"The hearing of such appeal shall be brought on upon order of the court at a time and place to be fixed by it * * *.

"The court * * * on the hearing thereof, shall determine whether or not the assessment * * * is a just and fair assessment * * * and if not shall make an order correcting the same or if the assessment * * * is sustained shall so order."

The jurisdiction of the Circuit Court now rests with the Law Division of the Superior Court. *Art. XI, Sec. IV, par. 3, Constitution of 1947.*

*R. S.* 40:56–54 was in effect prior to the adoption of the *Constitution of 1947* and remained in effect by virtue of *Art. XI, Sec. I, par. 3.* It is not intimated that any rule of court has yet been promulgated to take the place of the statute.

In attempting to by-pass the statute the plaintiffs rely on cases in which an attack on an assessment by writ of *certiorari* has been allowed. Disapproval of an assessment resulted in *Breakenridge & Tichenor v. Newark,* 95 *N. J. L.* 436 (*E. & A.* 1921), where the property owners had not been given a full hearing before the city commission. That defect was fatal to the assessment and could not be cured by the fact that there was available an appeal to the Court of Common Pleas from the amount of the assessment.

Where the assessment commissioners were legally disqualified to act, the statute did not deprive the property owner of the use of the writ of *certiorari* to challenge the assessment, in *Becker v. Borough of Garwood,* 96 *N. J. L.* 327 (*Sup. Ct.* 1921).

█ *Certiorari* has been recognized as a proper means of challenging assessments where fundamental rights of property owners have been violated or the enabling statute or ordinance upon which the assessments were based were unconstitutional. In those instances time limitations, whether imposed by statute or the doctrine of laches, will not act as a bar.

So, in *Frank v. Mayor & Aldermen of Jersey City,* 6 *N. J. Misc.* 446 (*Sup. Ct.* 1928), the court found no merit in the contention that the property owner was barred by his laches in applying for the writ of *certiorari.* But there the question of notice was paramount, the prosecutor of the writ contending he had no notice of the hearing before the court and the order of the court confirming the assessments was not entered in the clerk's minutes.

Similarly, in *Walsh v. Newark,* 78 *N. J. L.* 168 (*Sup. Ct.* 1909), the municipal authorities failed to give property owners either actual or constructive notice of the pendency of the ordinance; thus, they failed to acquire the right to impose the assessment of special benefits in question.

In *State, Evans, et al., Pros., v. Inhabitants of North Bergen,* 39 *N. J. L.* 456 (*Sup. Ct.* 1877), once again the question of notice was raised. There the township clerk had failed to give notice that the commissioners' report confirming the assessment had been filed. The court declared:

"But the confirmation  *  *  *  having never had any legal existence, for want of the notice referred to above, it follows that the prescribed limitation has not yet commenced to run."

See also *Delaware River Bridge R. & Bridge Co. v. Twp. Comm. of Haddon Twp.,* 5 *N. J. Misc.* 210 (*Sup. Ct.* 1927); *Beattie Mfg. Co. v. Little Falls Twp.,* 7 *N. J. Misc.* 161 (*Sup. Ct.* 1929); *West Shore R. Co. v. Borough of Bogota,* 7 *N. J. Misc.* 972 (*Sup. Ct.* 1929).

The basic reasoning is obvious. If the enabling statute or the ordinance authorizing the improvement and assessment is unconstitutional, or if the land owner is deprived of such a fundamental constitutional right as the vital right of notice or hearing, then the time limitation does not apply.

But here the property owners have conceded proper notice and full hearing. The qualifications of the assessment commissioners are not questioned. There is no charge of unconstitutionality of the ordinance of February 14, 1949 providing for the assessment of the costs of the new sewage facilities against the lands benefited; nor does it appear

that *R. S.* 40 :56–27, providing assessments shall be levied in proportion to the peculiar benefits received by the respective lots, is attacked on constitutional grounds.

Long before the first statute providing for review of assessments by appeal to a statutory court, limitations on the use of the writ of *certiorari* were recognized. In *State, ex rel. the Benedictine Sisters of Elizabeth, v. Elizabeth,* 50 *N. J. L.* 347 (*Sup. Ct.* 1888), it was said:

"\* \* \* the cases in which an application for a review [by writ of *certiorari*] can be favorably entertained must be very few in number. No relief can be had in this way against alleged irregularities in the proceedings of the commissioners, or against undue or excessive assessments, or against alleged mistakes in the manner of making the assessments."

Here the plaintiffs attempt to clothe their charges of illegality of the assessments in the guise of constitutional questions. In reality, however, the allegations are merely that by reason of the inclusion or exclusion of particular property, the assessments are undue or excessive and that they are unfair because they include the cost of the 1925 project and because the plaintiffs construe the provisions of certain deeds given by the township to preclude an assessment against lands covered by said deeds. No question of fundamental constitutional rights is raised by these assertions, nor is the constitutionality of the enabling statute or the township's ordinance under attack. Thus, all these matters could have been inquired into and determined by the Superior Court on appeal.

The Legislature, by *R. S.* 40 :56–54, has provided the avenue of attack for every charge made here on the disputed assessment. The procedure set forth in the statute as to time and manner of challenging the assessment has been fortified by judicial adjudications. See *Graham, Pros., v. Ocean City,* 98 *N. J. L.* 426 (*Sup. Ct.* 1923), where the assessment was said to be unfair because "\* \* \* prosecutors were assessed so much per running foot without suggestion of benefits conferred and in disregard of the fill back of their lots and the lots of others." The court pointed out:

"When an attack is made upon an assessment on the ground that it is unfair, the Home Rule Act of 1917 provides a remedy by appeal to the court of common pleas. * * * A dissatisfied landowner must use this method before resorting to a writ of *certiorari.*"

The question of fairness of the assessment was raised in *Specht v. East Orange*, 8 *N. J. Misc.* 647 (*Sup. Ct.* 1930), where the court termed the issue "a proper matter to be raised before the circuit court on appeal from the assessment," and a writ of *certiorari* was denied.

In *DeMarmon v. Roselle*, 8 *N. J. Misc.* 904 (*Sup. Ct.* 1930), a writ of *certiorari* was allowed to review the assessments for benefits placed against the lands of the prosecutors under an ordinance providing for the construction of a bridge. The objection was the lands of the complaining property holders were not within the vicinity of the improvement, as contemplated by the statute, and were of such a character that they could not be benefited. The court dismissed the writ, finding the property holders had ample opportunity to "obtain relief and secure a correction by the right of appeal to the circuit court given them by the statute." Dealing with the charge that the assessments were wholly unreasonable and improper, the court was "unable to see that upon appeal to the Circuit Court just such a situation as here complained of does not become pertinent and a necessary and proper element to be inquired into in determining whether the assessment appealed from 'is a just and fair award.' Both the letter and spirit of the act providing for such appeal is to this effect, because it clothes the Circuit Court with power and directs it to make inquiry into all matters relating to the 'justness and fairness' of the award and to reduce or correct the assessment."

Every issue raised here by the land owners was the proper subject of inquiry under *R. S.* 40:56–54. The plaintiffs failed to institute their proceedings within the time limited by the statute, thus justifying the ruling of the trial court, affirmed by the Appellate Division.

The judgment below is affirmed.

*For affirmance*—Chief Justice VANDERBILT, and Justices HEHER, WACHENFELD, BURLING, JACOBS and BRENNAN—6.

*For reversal*—None.