IN THE MATTER OF THE APPLICATION OF THE BUCKEYE PIPE LINE COMPANY, A CORPORATION OF THE STATE OF OHIO, DULY LICENSED TO DO BUSINESS IN THE STATE OF NEW JERSEY, TO FIX THE COMPENSATION TO BE PAID FOR THE LANDS OF ELDEN E. COOLEY, SITUATED IN THE TOWNSHIP OF KINGWOOD, COUNTY OF HUNTERDON, STATE OF NEW JERSEY, TO BE TAKEN FOR PUBLIC USE.

Argued September 14, 1953—Decided October 19, 1953.

*Mr. Ryman Herr* argued the respondent's motion to dismiss the appeal (*Messrs. Herr & Fisher,* attorneys; *Mr. Burtis S. Horner* and *Mr. Burtis W. Horner,* of counsel).

*Mr. Franklin W. Kielb* argued the motion for the appellant.

The opinion of the court was delivered by
VANDERBILT, C. J.   On March 4, 1952 the defendant Buckeye Pipe Line Company, acting under *R. S.* 20:1–1

*et seq.* and *R. S.* 48:10–1, presented a petition to a judge of the Superior Court sitting as a legislative agent for the appointment of commissioners in the condemnation of a right of way for a pipeline through certain lands in Hunterdon County, of which the plaintiff Elden E. Cooley was one of the owners. An order was thereupon entered fixing the time and place for the hearing on the petition; notice of the order was served on the plaintiff pursuant to *R. S.* 20:1–3; and the petition and order were filed as required by *R. S.* 20:1–3. An order appointing condemnation commissioners was duly entered on March 21, 1952, without objection from the plaintiff landowner.

On April 9, 1952, pursuant to *R. S.* 20:1–10 the condemnation commissioners filed a report of their appraisal of the land and of the damages to be paid to the landowners by the defendant company. On May 8, 1952, the plaintiff landowner filed a notice of appeal from the commissioner's award and gave notice of a motion in the language of *R. S.* 20:1–16 "to frame the issue, to strike a jury, and to fix a date for the trial of the appeal." This appeal is now pending. Meanwhile the defendant pipe line company, after paying the amount of the commissioners' award into court, entered into possession of property pursuant to *R. S.* 20:1–12 and by September 20, 1952, completed the laying of its pipe line on the property, and since October 15, 1952 it has been using the pipe line for the transportation of petroleum products.

On January 22, 1953 the plaintiff landowner moved in the Law Division of the Superior Court to dismiss the petition for the appointment of commissioners and all proceedings subsequent thereto on the ground that the Law Division of the Superior Court lacked jurisdiction over the subject matter of the appeal from the commissioners' report on the grounds (1) that *R. S.* 48:10–1, on which the defendant's petition for the appointment of commissioners was partially based, was unconstitutional under both the New Jersey and the United States Constitutions as an undefined and unregulated delegation of power and authority to pipe line companies permitting the taking of property without due process

of law, and (2) that a foreign pipe company does not have the power of eminent domain in New Jersey.

The plaintiff's motion to dismiss was denied on January 30, 1953, and on February 5, 1953 he appealed from this denial of his motion to the Appellate Division of the Superior Court. That court dismissed his appeal on April 29, 1953. On May 8, 1953 the plaintiff appealed from this dismissal to the Supreme Court. The defendant pipe line company moved on June 4, 1953 to dismiss the appeal to this court but we reserved decision on its motion until the briefs on the appeal came in, so that we might examine them before hearing argument on the motion to dismiss the appeal.

The motion of the defendant pipe line company to dismiss the plaintiff property owner's appeal to this court from the decision of the Appellate Division must be granted on both procedural and substantive grounds.

■ The plaintiff is in error in concluding that he may move to attack the statutory proceedings under the condemnation statute at his convenience, in this case more than ten months after the entry of the order appointing commissioners, more than five months after the defendant pipe line took possession of the condemned property, more than four months after it had built its pipe line and more than three months after it had begun to use the pipe line. Although under the revised rules now in effect a direct appeal may be taken to the Appellate Division of the Superior Court, R. R. 4:88-7, an appropriate course at that time was to proceed under former Rule 3:81-2 and 3 (now R. R. 4:88-2 and 3) by a proceeding in lieu of prerogative writ. This he failed to do. He never filed a complaint as required by Rule 3:81-3 (now R. R. 4:88-3). Even if we might treat his motion in the Law Division of the Superior Court attacking the condemnation proceedings as a compliance with the rule, it came much too late, for under Rule 3:81-15(a) (now R. R. 4:88-15(b)(7)), proceedings to review an order of a judicial officer acting as a legislative agent must be commenced within 45 days from the entry of such order. Here the plaintiff's motion was filed more than ten months after the order appointing the condemnation commissioners.

There is nothing novel about the procedure set forth in the rules and now incorporated in the revised rules; it has been followed here for generations; see *Bergen County Sewer Authority v. Little Ferry*, 5 *N. J.* 548 (1950), *cert.* denied 344 *U. S.* 865, 73 *S. Ct.* 105 (1952). The novelty is the plaintiff's attempt to improvise a new procedure without any warrant in the rules or in any known practice.

- Another procedural ground for dismissal is the failure to give notice to the Attorney-General of his attack on the constitutionality of *R. S.* 48:10–1 as required by *Rule* 3:24–2 (now *R. R.* 4:37–2) ; see *Bergen County Sewer Authority v. Little Ferry, supra,* 5 *N. J.* 548, at 554.

There are also compelling reasons of substantive law that dictate our decision. The plaintiff, by standing by for months, watching the defendant pipe line company construct and then operate its pipe line without objection from him (except as to the amount of the award, which he questioned by appropriate proceedings under this statute, *R. S.* 20:1–1 *et seq.*) ; and by appealing from the award of damages by the condemnation commissioners is estopped to deny the validity of the condemnation proceedings.

Although not cited by counsel, *Holloway v. Pennsauken Township,* 12 *N. J.* 371 (1953), deserves mention here to distinguish it from the case at bar. In that case we stated that the time limits set forth in the rules for commencing a proceeding in lieu of prerogative writ are not a bar to an action where constitutional questions are raised. We there held that on the facts of the case no real constitutional question had been presented and therefore the complaint in lieu of prerogative writ would be dismissed because of the plaintiffs' failure to file an appeal within the prescribed period of time. Here no complaint in lieu of prerogative writ has ever been filed and furthermore our dismissal is based on elements of estoppel, not merely on limitations of time prescribed by the Rules for bringing a proceeding in lieu of prerogative writ.

This decision renders moot the appeal pending here. The constitutionality of *R. S.* 48:10–1 is therefore not before us and accordingly we will not pass on it now.

The motion to dismiss the appeal is granted, but without costs.

HEHER, J. (dissenting). I would deny the motion to dismiss the appeal and proceed to determine the legal sufficiency of *R. S.* 48:10–1, *et seq.*, the statute purporting to invest "pipe line companies, associations and corporations" with the sovereign power of eminent domain in respect of lands and other property needed for public use as a right of way, asserted to be not inclusive of foreign corporations, but on the contrary hypothesis assailed as vague and uncertain in disregard of constitutional standards, primarily in its failure to specify the particular pipe line public uses for which the power of condemnation may be exerted, citing *Slingerland v. Newark*, 54 *N. J. L.* 62 (*Sup. Ct.* 1891), and to prescribe constructional and operational safety regulations.

The nature of the power is such that this denial of the grant asserted here should be determined in the public interest, rather than sustain its exercise on grounds of estoppel alone.

I would call attention to this limitation introduced into the Constitution of 1947:

"Individuals or private corporations shall not be authorized to take private property for public use without just compensation first made to the owners."

*Article* I, *paragraph* 20. Its significance in relation to the doctrine of estoppel has not had the attention of counsel; and I would not, for this reason also, consider the validity of the theory of estoppel until that question has been argued. *Vide, Pennsylvania Railroad Co. v. National Docks & New Jersey Junction Connecting Railway Company*, 53 *N. J. Eq.* 178 (*E. & A.* 1895); *Fitzpatrick v. Mayor and Aldermen of Jersey City*, 36 *N. J. L.* 120 (*S. Ct.* 1873).

*For granting*—Chief Justice VANDERBILT, and Justices OLIPHANT, WACHENFELD, BURLING, JACOBS and BRENNAN— 6.

*For denial*—Justice HEHER—1.